IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

WAYNE A. GIBSON,
                    Plaintiff,

v.                                                    Civil Action: 1:04CV192

LOWE'S HOME CENTERS, INC.;
JOHN DOE EMPLOYEES OF LOWE'S
HOME CENTERS, INC.; and SPECIALTY
RISK SERVICES, INC.,
                    Defendants.


**MEMORANDUM, OPINION, and ORDER**

On June 24, 2005 came Plaintiff Wayne A. Gibson (Gibson) by Greg Schillace by telephone and Defendant Lowe's Home Centers, Inc. (Lowe's) by Christopher B. Denson by telephone for Defendants' Motion to Compel Discovery, Motion to Compel the deposition of Wayne A. Gibson, and Mr. Schillace's Motion to Withdraw. Testimony was not taken and no other evidence was introduced.

I. Introduction

A.        Background.

The parties engaged in discovery and a dispute arose. Defendant filed its Motion to Compel Discovery on May 16, 2005. The matter was referred to me by the Honorable Irene M. Keeley on March 17, 2005. On May 27, 2005 Defendant filed a Motion to Compel the Deposition of Wayne Gibson. On June 23, 2005 Plaintiff's Attorney, Mr. Schillace, filed a Motion to Withdraw as counsel. A hearing on the Motion to Compel discovery, the Motion to Compel the deposition of Wayne A. Gibson, and the Motion to Withdraw was held on June 24, 2005.

B.    The Motions.

        Defendants' Motion to Compel Discovery.

        Defendant's Motion to Compel the Deposition of Wayne A. Gibson.

        Mr. Schillace's Motion to Withdraw as Counsel.

C.    Decision.

        The Motion to Compel discovery is GRANTED in Part and DENIED in Part.

The Motion to Compel the Deposition of Wayne A. Gibson is GRANTED.  The Motion to

Withdraw is GRANTED.

## II. Timeliness

        Defendant served its First set of interrogatories and requests for production of documents

upon Defendants on November 19, 2004.  Subsequently, the parties stipulated that Plaintiff will

have until February 11, 2005 to respond to Defendant's requests for production of documents

and Interrogatories.[1]  Defendant filed a Motion to Compel Discovery on March 16, 2005.[2]  On

March 23, 2005 the parties stipulated that Plaintiff will have until April 1, 2005 to respond to

Defendant's Motion to Compel.[3]  On April 25, 2005 Plaintiff responded to Defendant's first set

of interrogatories.  The Defendant filed its second Motion to Compel Discovery on May 16,

2005.  A moving party has 30 days after the discovery response is due to file a Motion to

Compel.  L.R. Civ. P. 37.02(a)(3).  When the Motion is mailed the moving party has an

additional 3 days.  Fed. R. Civ. P. 6(e).  Defendant's Motion to Compel was timely filed.

_____

    [1] Docket No. 17.

    [2] Docket No. 18.

    [3] Docket No. 20.

### III.  Defendant's Motion to Compel Discovery

A.      The Standards

1.      Discovery - Scope.  "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)."  Fed. R. Civ. P. 26(b)(1).

2.      Discovery - Interrogatories - Scope.  "Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), and the answers may be used to the extent permitted by the rules of evidence.  An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time."  Fed. R. Civ. P. 33(c).

3.      Discovery - Interrogatories - Required Response.  "Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories.  See Fed. R. Cir. P. 33(b)(1) (party must answer each interrogatory 'fully').  If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the

information.' Milner v. National School of Health Tech., 73 F.R.D. 628, 632 (E.D. Pa. 1977)."

Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D. Pa 1996). "As to much of the other

information they refused to provide in their response to interrogatory 6, the plaintiffs do not deny

the possess it or claim that it would be unreasonable to produce it, but simply respond that it is

contained either in Shell's or the favored buyers' records. A party must either answer the

interrogatory, object to it, state that it does not possess the information and detail the efforts

made to obtain it, or, if the burden of discovering the information is substantially the same for

both the requestor and the requested, specify which of the requested's business records contain

responsive information. See Fed. R. Civ. P. 33(d)."

    4. Discovery - Interrogatories - Answers - Reference to Outside Documents. Answers to

interrogatories should be in such form that they may be used upon at a trial. See J.J. Delaney

Carpet Co.v. Forrest Mill, Inc., 34 FRD 152, 153 (S.D.N.Y. 1963) (holding that incorporation by

reference of portions of a deposition of a witness or of allegation of a pleading is not a

responsive answer). "[A party] cannot escape responsibility of providing direct, complete and

honest answers to interrogatories with the caviler assertion that required information can be

found in this massive amount of material. Rather [a party] must state specifically and identify

precisely which documents will provide the desired information." Martin v. Easton Pub. Co., 85

F.R.D. 312, 315 (E.D. Pa. 1980). Furthermore, ". . . [T]he point of interrogatories is to obtain a

party's admissions and contentions under oath and to narrow the issues in the case. Documents

and testimony are not infrequently subject to varying interpretations and therefore simply

referring defendant to whatever it might find therein does not comply with the court's order . . ."

Life Music, Inc. v. Broad. Music, Inc., 41 F.R.D. 16, 26 (S.D.N.Y. 1966).

5.  Discovery - Interrogatories - Response.  "Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories.  See Fed. R. Cir. P. 33(b)(1) (party must answer each interrogatory 'fully').  If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.' Milner v. National School of Health Tech., 73 F.R.D. 628, 632 (E.D. Pa. 1977)."  Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D. Pa 1996).  "As to much of the other information they refused to provide in their response to interrogatory 6, the plaintiffs do not deny the possess it or claim that it would be unreasonable to produce it, but simply respond that it is contained either in Shell's or the favored buyers' records.  A party must either answer the interrogatory, object to it, state that it does not possess the information and detail the efforts made to obtain it, or, if the burden of discovering the information is substantially the same for both the requestor and the requested, specify which of the requested's business records contain responsive information. See Fed. R. Civ. P. 33(d)."

B.    Discussion

Interrogatory No. 1

(Defendant's Request) *State your name, date of birth, social security number, your current residence and list any other address where you have resided in the last ten years, and the residents of said addresses.*

Plaintiff did not fully respond to this question.  Plaintiff's attorney stated at the hearing "whether or not we have listed every address that Mr. Gibson had for the last ten year, Judge, I think we have done the best we can on that."  (Tr. 13-14).  "Parties must provide true, explicit,

responsive, complete, and candid answers to interrogatories.  <u>See</u> Fed. R. Cir. P. 33(b)(1) (party must answer each interrogatory 'fully').  If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.' <u>Milner v. National School of Health Tech</u>., 73 F.R.D. 628, 632 (E.D. Pa. 1977)."  <u>Hansel v. Shell Oil Corp</u>., 169 F.R.D. 303, 305 (E.D. Pa 1996).  "As to much of the other information they refused to provide in their response to interrogatory 6, the plaintiffs do not deny the possess it or claim that it would be unreasonable to produce it, but simply respond that it is contained either in Shell's or the favored buyers' records.  A party must either answer the interrogatory, object to it, state that it does not possess the information and detail the efforts made to obtain it, or, if the burden of discovering the information is substantially the same for both the requestor and the requested, specify which of the requested's business records contain responsive information. <u>See</u> Fed. R. Civ. P. 33(d)."

Plaintiff's response was insufficient.


<u>Interrogatory No. 3</u>

(Defendant's Request) *In separate sentences, please state each and every fact or contention of fact upon which you or your attorney relies in asserting the liability of the defendant as the result of the matters made the subject of the Complaint filed herein specifically including, but not limited to, a description of each act of the defendant or any agent, employee, or representative thereof, and the date, time, and place of such act or, if an omission to act, a specific description of the fact you or your attorney contends was required and the basis of such*

*requirement.*

(Plaintiff's Response) ***On August 21, 2002 at approximately 9:30 a.m. The plaintiff went to the Clarksburg/Bridgeport Lowe's store to purchase a quart of paint. While waiting for the paint to be mixed the plaintiff noticed a box of rolled are rugs next to the paint counter. The plaintiff attempted to lif[t] one of the rugs out of the box when the remaining rugs shifted and fell towards the plaintiff, snapping his arm backwards. Immediately following the incident the plaintiff believed he had stoved or sprained his thumb. Later that day the plaintiff's hand became numb.***

(Defendant's Response) *In asserting his response, Mr. Gibson merely provides his version of the incident. This is insufficient. Mr. Gibson is further requested to state each and every fact or contention of fact upon which he relies in asserting the lability of the defendant, specifically including a description of each act of the defendant or any agent, employee, or representative thereof, and the date, time, and place of such act or, if an omission to act, a specific description of the act you or your attorney contends was required and the basis of such requirement. Plaintiff should be compelled to respond fully to the information sought in this request or state that he is unaware of any such information.*

The Defendant requested that Plaintiff state each and every fact upon which he relies in asserting the liability of the Defendant. Plaintiff responded appropriately.

Interrogatory No. 9

(Defendant's Request) *Please state each and every date on which you were examined or treated by any doctor, physician medical practitioner, psychologist, hospital, clinic or other institution with respect to any injury, illness or disability which you claim to have sustained or*

*suffered as a result of the alleged occurrence, setting forth in detail as to each such date of*

*examination or treatment:*

*a. The name and address of each such doctor, physician, medical practitioner, hospital, clinic*

*or other institution; and*

*b. The diagnosis and prognosis made by each such doctor, physician, medical practitioner,*

*hospital, clinic or other institution*

(Plaintiff's Response) ***See attached hereto, medical expenses and medical records with***

***respect to the plaintiff.***

(Defendant's Response) *Mr. Gibson's response merely refers our attention to his medical*

*expenses and records. This is not sufficient especially since Lowe's does not have a complete set*

*or records in its possession. Mr. Gibson is required to respond to the request without merely*

*referring to his medical records.*

Answers to interrogatories should be in such form that they may be used upon at a trial.

See J.J. Delaney Carpet Co.v. Forrest Mill, Inc., 34 FRD 152, 153 (S.D.N.Y. 1963) (holding that

incorporation by reference of portions of a deposition of a witness or of allegation of a pleading

is not a responsive answer). "[A party] cannot escape responsibility of providing direct,

complete and honest answers to interrogatories with the caviler assertion that required

information can be found in this massive amount of material. Rather [a party] must state

specifically and identify precisely which documents will provide the desired information."

Martin v. Easton Pub. Co., 85 F.R.D. 312, 315 (E.D. Pa. 1980). Furthermore, ". . . [T]he point of

interrogatories is to obtain a party's admissions and contentions under oath and to narrow the

issues in the case. Documents and testimony are not infrequently subject to varying

interpretations and therefore simply referring defendant to whatever it might find therein does not comply with the court's order . . ." Life Music, Inc. v. Broad. Music, Inc., 41 F.R.D. 16, 26 (S.D.N.Y. 1966). Plaintiff's response that the answers can be found in the medical records is insufficient.


Interrogatory No. 17

(Defendant's Request) *Please describe the nature and extent of any and all medical, hospital or other health care treatment which you received within the ten year period preceding this injury, stating in each case the dates and nature thereof and the name and address of any physician, hospital or other health care provider involved.*

(Plaintiff's Response) ***Your attention is directed to the plaintiff's Response to Request No. 15 herein.***

(Defendant's Response) *Mr. Gibson refers Lowe's attention to his answer to Interrogatory No. 15. However, his answer to Interrogatory No. 15 does not completely answer the information requested in Interrogatory No. 17. Mr. Gibson fails to completely provide the dates and nature of the treatment and the name and address of any physician, hospital or other health care provider involved.*

Answers to interrogatories should be in such form that they may be used upon at a trial. See J.J. Delaney Carpet Co.v. Forrest Mill, Inc., 34 FRD 152, 153 (S.D.N.Y. 1963) (holding that incorporation by reference of portions of a deposition of a witness or of allegation of a pleading is not a responsive answer). "[A party] cannot escape responsibility of providing direct, complete and honest answers to interrogatories with the caviler assertion that required

information can be found in this massive amount of material.  Rather [a party] must state specifically and identify precisely which documents will provide the desired information." Martin v. Easton Pub. Co., 85 F.R.D. 312, 315 (E.D. Pa. 1980).  Furthermore, ". . . [T]he point of interrogatories is to obtain a party's admissions and contentions under oath and to narrow the issues in the case.  Documents and testimony are not infrequently subject to varying interpretations and therefore simply referring defendant to whatever it might find therein does not comply with the court's order . . ."  Life Music, Inc. v. Broad. Music, Inc., 41 F.R.D. 16, 26 (S.D.N.Y. 1966).  Plaintiff's response that the answers can be found in the response to Interrogatory No. 15 is insufficient.


Interrogatory No. 19

(Defendant's Request) *If the plaintiff or any other person of which you are aware had any conversations about the occurrence with any representative of the defendant at any time prior to or following the occurrence, please give the name of each party to such conversation in each instance, and the conversation as fully and as accurately as possible.*

(Plaintiff's Response) ***The plaintiff presently recalls at least two (2) conversations with individuals that have already been disclosed.***

(Defendant's Response) Mr. Gibson responds that he recalls at least two conversations with individuals that have already been disclosed.  First, Mr. Gibson fails to provide the name of the individuals he is referring to.  Lowe's can only assume Mr. Gibson is referring to the individuals provided in response to Interrogatory No. 6.  Moreover, Mr. Gibson fails to describe the conversations as fully and as accurately as possible.

Answers to interrogatories should be in such form that they may be used upon at a trial. See J.J. Delaney Carpet Co.v. Forrest Mill, Inc., 34 FRD 152, 153 (S.D.N.Y. 1963) (holding that incorporation by reference of portions of a deposition of a witness or of allegation of a pleading is not a responsive answer). "[A party] cannot escape responsibility of providing direct, complete and honest answers to interrogatories with the caviler assertion that required information can be found in this massive amount of material. Rather [a party] must state specifically and identify precisely which documents will provide the desired information." Martin v. Easton Pub. Co., 85 F.R.D. 312, 315 (E.D. Pa. 1980). Furthermore, ". . . [T]he point of interrogatories is to obtain a party's admissions and contentions under oath and to narrow the issues in the case. Documents and testimony are not infrequently subject to varying interpretations and therefore simply referring defendant to whatever it might find therein does not comply with the court's order . . ." Life Music, Inc. v. Broad. Music, Inc., 41 F.R.D. 16, 26 (S.D.N.Y. 1966). Plaintiff's response that the conversations have already been disclosed is insufficient.


Interrogatory No. 20

(Defendant's Request) *Please state the name, address and phone number of each individual or witness known to you or your attorney who has knowledge whatsoever concerning any part or all of the issues of liability and damages in this case, specifying which as to each.*

(Plaintiff's Response) ***The plaintiff directs your attention to those individuals already disclosed.***

(Defendant's Response) *Mr. Gibson merely directs Lowe's attention to those individuals*

*already disclosed. Lowe's can only assume which individuals Mr. Gibson is referring to. This interrogatory requires Mr. Gibson to state the name, address and phone number of each individual who has knowledge concerning any part of the issues of liability and damages. The interrogatory further requests Mr. Gibson to specify each individuals knowledge as to liability and damages. Plaintiff should be compelled to response fully to the information sought in this request.*

Answers to interrogatories should be in such form that they may be used upon at a trial. See J.J. Delaney Carpet Co.v. Forrest Mill, Inc., 34 FRD 152, 153 (S.D.N.Y. 1963) (holding that incorporation by reference of portions of a deposition of a witness or of allegation of a pleading is not a responsive answer). "[A party] cannot escape responsibility of providing direct, complete and honest answers to interrogatories with the caviler assertion that required information can be found in this massive amount of material. Rather [a party] must state specifically and identify precisely which documents will provide the desired information." Martin v. Easton Pub. Co., 85 F.R.D. 312, 315 (E.D. Pa. 1980). Furthermore, ". . . [T]he point of interrogatories is to obtain a party's admissions and contentions under oath and to narrow the issues in the case. Documents and testimony are not infrequently subject to varying interpretations and therefore simply referring defendant to whatever it might find therein does not comply with the court's order . . ." Life Music, Inc. v. Broad. Music, Inc., 41 F.R.D. 16, 26 (S.D.N.Y. 1966). Plaintiff's response directing Defendant to individuals already disclosed is insufficient.


Interrogatory No. 22

(Defendant's request) *if you, your attorney or any representative of your attorney ever took or received any statement, either oral or written, from any person, including parties, who had any information or knowledge relating to the alleged occurrence, please:*

*a. identify any such person, including name and address; and*

*b. give the substance, as best you can, of any such statement*

(Plaintiff's response) ***This request seeks information protected from disclosure by the attorney/client privilege and/or work product doctrine.***

(Defendant's Response) *Plaintiff asserted blanket privileges under the work product doctrine and attorney/client privilege.  Plaintiff may have obtained information response to this request that is not privileged.  However, it is impossible to determine whether such information exists based on plaintiff's failure to comply with the requirements set forth under Federal Rules of Civil Procedure 26(b)(5) and Local Rule of Civil Procedure 26.04.  Plaintiff should be compelled to produce the requested information or comply with the requirements of Federal Rule of Civil Procedure 26(b)(5) and Local Rule of Civil Procedure 26.04.*

Plaintiff is ORDERED to file with the clerk a detailed privilege log in accordance with L.R. Civ. P. 26.04(a)(2) of the allegedly privileged or work product material that responds to Interrogatory No. 22.  The Plaintiff is further ordered to provide a copy of the materials described in the privilege log to this Court for *in camera* inspection.


Interrogatory No. 24

(Defendant's Request) *Please give the full name, last known address, and telephone number, of every individual whom you or your attorney intends to call at the trial of this case, and if you or your attorney have not yet determined whom to call as witnesses, please give the*

13

*name and address of every person who, based upon you or your attorney's current knowledge or information, may be a possible witness by virtue of having knowledge regarding the facts and circumstances surrounding the incident referred to in the complaint.*

(Plaintiff's Response) ***The plaintiff has not yet determined what witnesses, if any, he will call at the trail of this matter.***

(Defendant's Response) *Mr. Gibson merely provided that he has not determined what witnesses, if any, he will call at the trial of this matter.  However, in this situation, Mr. Gibson was requested to give the name and address of every person who, based upon his or his attorney's current knowledge or information, may be a possible witness by virtue of having knowledge regarding the facts and circumstances surrounding the incident referred to in the complaint.  Plaintiff should be compelled to respond fully to the information sought in this request.*

"Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories.  See Fed. R. Cir. P. 33(b)(1) (party must answer each interrogatory 'fully').  Plaintiff must state the name and address of every person who, based upon his or his attorney's knowledge or information, may be a possible witness by virtue of having knowledge regarding the facts and circumstances surrounding the incident referred to in the complaint.

Request for Production of Documents No. 3

(Defendant's Request) *Copies of all records relating to any assistance from any government agency because of unemployment, ill health, or disability (a) within ten (10) years immediately preceding the subject incident, (b) in or as a result of the accident and (c) for the time since the subject incident.*

(Plaintiff's Response) ***The plaintiff has no such documents responsive to this request.***

(Defendant's Response) *Plaintiff merely responds that he has no such documents. However, Defendant is unaware whether any such documents exits which are within Mr. Gibson's care, custody or control. To the extend any such documents exist and are within his care, custody or control, Plaintiff should be compelled to respond fully to the information sought in theses requests.*

"Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories. See Fed. R. Cir. P. 33(b)(1) (party must answer each interrogatory 'fully'). If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.' Milner v. National School of Health Tech., 73 F.R.D. 628, 632 (E.D. Pa. 1977)." Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D. Pa 1996). "As to much of the other information they refused to provide in their response to interrogatory 6, the plaintiffs do not deny the possess it or claim that it would be unreasonable to produce it, but simply respond that it is contained either in Shell's or the favored buyers' records. A party must either answer the interrogatory, object to it, state that it does not possess the information and detail the efforts made to obtain it. See Fed. R. Civ. P. 33(d)." Plaintiff stated that he does not have any documents in response to this request. Plaintiff's response is sufficient.


Request for Production of Document No. 4

(Defendant's Request) *A copy of any and all investigation reports relating to the incident referenced in the Complaint prepared by any agency, bureau, or commissioner of the Federal*

*Government, State Government, or Local or Municipal Government.*

(Plaintiff's Response) ***The plaintiff has no such documents responsive to this request.***

(Defendant's Response) *Plaintiff merely responds that he has no such documents. However, Defendant is unaware whether any such documents exits which are within Mr. Gibson's care, custody or control. To the extend any such documents exist and are within his care, custody or control, Plaintiff should be compelled to respond fully to the information sought in theses requests.*

"Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories. <u>See</u> Fed. R. Cir. P. 33(b)(1) (party must answer each interrogatory 'fully'). If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.' <u>Milner v. National School of Health Tech</u>., 73 F.R.D. 628, 632 (E.D. Pa. 1977)." <u>Hansel v. Shell Oil Corp</u>., 169 F.R.D. 303, 305 (E.D. Pa 1996). "As to much of the other information they refused to provide in their response to interrogatory 6, the plaintiffs do not deny the possess it or claim that it would be unreasonable to produce it, but simply respond that it is contained either in Shell's or the favored buyers' records. A party must either answer the interrogatory, object to it, state that it does not possess the information and detail the efforts made to obtain it. <u>See</u> Fed. R. Civ. P. 33(d)." Plaintiff stated that he does not have any documents in response to this request. Plaintiff's response is sufficient.


<u>Request For Production of Documents No. 5</u>

(Defendant's Request) *Copies of all records of the West Virginia Worker's*

*Compensation Fund pertaining to any claim filed by you against any employer or employers before the West Virginia Workers' Compensation Commissioner. Additionally, please execute authorizations, copies of which are attached hereto, to the West Virginia Workers' Compensation Commissioner, to allow the defendant to obtain and examine copies of such records.*

(Plaintiff's Response) **The plaintiff has no documents responsive to this request.**

(Defendant's Response) *Mr. Gibson states that he has no such documents responsive to these requests. However, authorizations were provided which would allow Lowe's to obtain Mr. Gibson's records from Workers' Compensation and the Social Security Administration. To the extent any such documents are in existence and within Mr. Gibson's care custody or control, Plaintiff should be compelled to respond fully to the information sought in this request or execute the applicable authorization to allow Lowe's to obtain the records.*

"Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories. See Fed. R. Cir. P. 33(b)(1) (party must answer each interrogatory 'fully'). If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.' Milner v. National School of Health Tech., 73 F.R.D. 628, 632 (E.D. Pa. 1977)." Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D. Pa 1996). "As to much of the other information they refused to provide in their response to interrogatory 6, the plaintiffs do not deny the possess it or claim that it would be unreasonable to produce it, but simply respond that it is contained either in Shell's or the favored buyers' records. A party must either answer the interrogatory, object to it, state that it does not possess the information and detail the

efforts made to obtain it.  <u>See</u> Fed. R. Civ. P. 33(d)."  Plaintiff stated that he does not have any documents in response to this request.  Plaintiff's response is sufficient.


Request for Production of Document No. 6

(Defendant's Request) *Copies of all records of the Social Security Administration pertaining to any claim filed by you before the Social Security Administration.  Additionally, please execute authorizations, copies of which are attached hereto, to the Social Security Administration, to allow the defendant to obtain and examine copies of such records.*

(Plaintiff's Response) ***The plaintiff has no such documents responsive to this request.***

(Defendant's Response) *Mr. Gibson states that he has no such documents responsive to these requests.  However, authorizations were provided which would allow Lowe's to obtain Mr. Gibson's records from Workers' Compensation and the Social Security Administration.  To the extent any such documents are in existence and within Mr. Gibson's care custody or control, Plaintiff should be compelled to respond fully to the information sought in this request or execute the applicable authorization to allow Lowe's to obtain the records.*

"Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories.  <u>See</u> Fed. R. Cir. P. 33(b)(1) (party must answer each interrogatory 'fully').  If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.' <u>Milner v. National Sch. of Health Tech</u>., 73 F.R.D. 628, 632 (E.D. Pa. 1977)."  <u>Hansel v. Shell Oil Corp</u>., 169 F.R.D. 303, 305 (E.D. Pa 1996).  "As to much of the other information they refused to provide in their response to interrogatory 6, the plaintiffs

do not deny the possess it or claim that it would be unreasonable to produce it, but simply respond that it is contained either in Shell's or the favored buyers' records. A party must either answer the interrogatory, object to it, state that it does not possess the information and detail the efforts made to obtain it. <u>See</u> Fed. R. Civ. P. 33(d)." Plaintiff stated that he does not have any documents in response to this request. Plaintiff's response is sufficient.

<u>Request for Production of Document No. 7</u>

(Defendant's Request) *Copies of any and all medical, hospital or pharmacy records relating to any care or treatment rendered to you as a result of injuries sustained in the incident described in the Complaint. For any medical, hospital or pharmacy records you seek, please use releases that comply with the terms and provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"). Please provide with your response to this request a copy of the releases that were used to obtain the medical, hospital or pharmacy records. Additionally, please execute and return the HIPPA-complaint releases, copies of which are attached hereto.*

(Plaintiff's Response) ***All medical, hospital and/or other medical records in the plaintiff's possession and control are attached hereto. The plaintiff objects to the remainder of this request as he is not required to produce any authorization pursuant to the Federal Rules of Civil Procedure.***

Plaintiff has produced medical records and has continually produced supplements of the medical record to Defendant. Plaintiff has sufficiently responded to this request for production of documents.

<u>Request for Production of Document No. 14</u>

(Defendant's Request) *All plaintiff's medical, hospital or pharmacy records for the period of ten (10) years before the incident described in the Complaint to the present. For any medical, hospital or pharmacy records you seek, please use releases that comply with the terms and provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"). Please provide with your response to this request a copy of the releases that were used to obtain the medical, hospital or pharmacy records.*

(Plaintiff's Response) ***The plaintiff has no such documents responsive to this request.***

"Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories. <u>See</u> Fed. R. Cir. P. 33(b)(1) (party must answer each interrogatory 'fully'). If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.' <u>Milner v. National School of Health Tech</u>., 73 F.R.D. 628, 632 (E.D. Pa. 1977)." <u>Hansel v. Shell Oil Corp</u>., 169 F.R.D. 303, 305 (E.D. Pa 1996). "As to much of the other information they refused to provide in their response to interrogatory 6, the plaintiffs do not deny the possess it or claim that it would be unreasonable to produce it, but simply respond that it is contained either in Shell's or the favored buyers' records. A party must either answer the interrogatory, object to it, state that it does not possess the information and detail the efforts made to obtain it. <u>See</u> Fed. R. Civ. P. 33(d)." Plaintiff stated that he does not have any documents in response to this request. Plaintiff's response is sufficient.


<u>Request for Production of Document No. 15</u>

(Defendant's Request) *All plaintiff's pre- and post-accident medical, hospital and pharmacy records concerning the area of plaintiff's body that was allegedly injured as a result of the incident described in the Complaint.  For any medical, hospital or pharmacy records you seek, please use releases that comply with the terms and provisions of the Health Insurance Portability Act of 1996 ("HIPPA").  Please provide with your response to this request a copy of the releases that were used to obtain the medical, hospital or pharmacy records.*

(Plaintiff's Response) ***All of the documents as sought by this request in the plaintiff's possession and control and attached hereto.***

Plaintiff produced the requested medical records and has continually produced supplements of the medical record to Defendant.  Plaintiff has sufficiently responded to this request for production of documents.


Request for Production of Document No. 10

(Defendant's Request) *All correspondence or statements given by you relating to this matter.*

(Plaintiff's Response) ***All such documents are believed to be in the care, custody and control of the defendant.***

(Defendant's Response) *Lowe's is entitled to have Mr. Gibson fully respond to this request.  Further, Lowe's does not know that all documents responsive to this request are in its possession unless plaintiff fully responds to this request.*

Answers to interrogatories should be in such form that they may be used upon at a trial. See J.J. Delaney Carpet Co.v. Forrest Mill, Inc., 34 FRD 152, 153 (S.D.N.Y. 1963) (holding that

incorporation by reference of portions of a deposition of a witness or of allegation of a pleading is not a responsive answer). "[A party] cannot escape responsibility of providing direct, complete and honest answers to interrogatories with the cavaler assertion that required information can be found in this massive amount of material. Rather [a party] must state specifically and identify precisely which documents will provide the desired information." Martin v. Easton Pub. Co., 85 F.R.D. 312, 315 (E.D. Pa. 1980). Furthermore, ". . . [T]he point of interrogatories is to obtain a party's admissions and contentions under oath and to narrow the issues in the case. Documents and testimony are not infrequently subject to varying interpretations and therefore simply referring defendant to whatever it might find therein does not comply with the court's order . . ." Life Music, Inc. v. Broad. Music, Inc., 41 F.R.D. 16, 26 (S.D.N.Y. 1966). Plaintiff's response that all documents responsive to this request are in Defendant's possession is insufficient.

Request for Production of Documents Nos. 11, 13, and 20

(Defendants Request No. 11) *All correspondence or statements obtained by you or for you relating to this matter.*

(Defendant's Request No. 13) *All documents, correspondence, and reports reflecting any investigation conducted by or for you relating to the allegations set forth in the complaint.*

(Defendant's Request No. 20) *Please produce a copy of any and all notes, correspondence, writings, minutes, tape recordings, photographs or other recordations, including information stored or maintained on computer or other media, relating to the events and the matters alleged in the Complaint.*

(Plaintiff's Response to No. 11, 13, and 20) ***This request seeks information protected from disclosure by the attorney/client privilege and/or Work Product Doctrine.***

(Defendant's Response) *Plaintiff asserted blanket privileges under the work product doctrine and attorney/client privilege. Plaintiff may have obtained information response to this request that is not privileged. However, it is impossible to determine whether such information exists based on plaintiff's failure to comply with the requirements set forth under Federal Rules of Civil Procedure 26(b)(5) and Local Rule of Civil Procedure 26.04. Plaintiff should be compelled to produce the requested information or comply with the requirements of Federal Rule of Civil Procedure 26(b)(5) and Local Rule of Civil Procedure 26.04.*

Plaintiff is ORDERED to file with the clerk a detailed privilege log in accordance with L.R. Civ. P. 26.04(a)(2) of the allegedly privileged or work product material that responds to Request for Production of Documents Nos. 11, 13 and 20. The Plaintiff is further ordered to provide a copy of the materials described in the privilege log to this Court for *in camera* inspection.


Request for Production of Documents No. 17

(Defendant's Request) *Each document concerning any projection of future damages for which recovery is sought.*

(Plaintiff's Response) ***The plaintiff has no such documents responsive to this request.***

(Defendant's Response) *This response is insufficient. If Mr. Gibson is claiming future damages, he should be compelled to response fully to the information sought in this request.*

Plaintiff's response is insufficient. Plaintiff must respond whether he plans on claiming

future damages.  If Plaintiff does plan on claiming future damages then Plaintiff must produce each document concerning any projection of future damages.  If Plaintiff does not plan on claiming future damages then he must state so.

Request for Production of Documents No. 18

(Defendant's Request) *A copy of any notes or other documents any witnesses have made regarding the allegations in the Complaint.*

(Plaintiff's Response) ***The Plaintiff has no such documents responsive to this request.***

(Defendant's Response) *This response is insufficient.  To the extent any documents exist within Mr. Gibson's care, custody or control, he should be compelled to respond fully to the information sought in this request.*

"Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories.  See Fed. R. Cir. P. 33(b)(1) (party must answer each interrogatory 'fully').  If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.' Milner v. National Sch. of Health Tech., 73 F.R.D. 628, 632 (E.D. Pa. 1977)." Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D. Pa 1996).  "As to much of the other information they refused to provide in their response to interrogatory 6, the plaintiffs do not deny the possess it or claim that it would be unreasonable to produce it, but simply respond that it is contained either in Shell's or the favored buyers' records.  A party must either answer the interrogatory, object to it, state that it does not possess the information and detail the efforts made to obtain it.  See Fed. R. Civ. P. 33(d)."  Plaintiff stated that he does not have any

documents in response to this request.  Plaintiff's response is sufficient.

<u>Request for Production of Documents No. 19</u>

(Defendant's Request) *Please produce a copy of any and all documents or tangible things which evidence, relate to, reflect and/or supports any item of damages for which you are making a claim.*

(Plaintiff's Response) ***See documents attached hereto.***

(Defendant's Response) *This response is insufficient to the extent Mr. Gibson has failed to produce a complete set of medical records or other documents supporting any claim for future damages.*

Defendant objects on the grounds that Plaintiff has not produced a complete set of medical records.  Medical records are not responsive to the request for production of documents which evidence, relate to, reflect and/or support any item of claimed damages.  As was discussed above, in Request for Production of Documents No. 17, Plaintiff must respond whether he plans on claiming future damages.  If Plaintiff does plan on claiming future damages then Plaintiff must produce all documents or tangible things which evidence, relate to, reflect and/or support any item of claimed damages.  If Plaintiff does not plan on claiming future damages then he must state so.

<u>Request for Production of Documents No. 21</u>

(Defendant's Request) *Please produce a copy of any and all documents, photographs, audiotapes, videotapes and other tangible items identified, reviewed or relied upon by you*

*and/or your attorneys in formulating answers to "Interrogatories to Plaintiff Wayne A. Gibson (First Set)."*

(Plaintiff's Response) ***Any such documents are attached hereto.***

(Defendant's Response) *This response is insufficient to the extent that Mr. Gibson has not provided a complete set of medical records or adequately responded to Lowe's discovery requests.*

Plaintiff is ordered to supplement the record with the items requested by this Order.

Request for Production of Documents No. 24

(Defendant's Request) *Please produce any and all documents and things that you and/or your attorney reasonably expect to proffer as exhibits at the trial of this case, either as evidence or as demonstrative aids.  If you and/or your attorneys have not yet decided upon exhibits, please produce any potential exhibit based upon what you and your attorneys presently know about this case.*

(Plaintiff's Response) ***The plaintiff has not yet determined what exhibits, if any, he will produce at the trail of this matter.  As discovery is not yet complete and pursuant to the Court's Scheduling Order, the plaintiff reserves the right to supplement this response.***

(Defendant's Response) *Mr. Gibson merely provides that he has not determined what exhibits, if any, he will produce at the trail of this matter.  However, in this situation, Mr. Gibson is also required to produce any potential exhibits based upon what Mr. Gibson or his attorney presently know about this case.*

Plaintiff's response is insufficient.  Plaintiff shall respond whether he or his attorneys have any potential exhibits that they presently know about.  If Plaintiff or his attorneys are

presently aware of any potential exhibits then they shall produce such exhibits to Defendant. If Plaintiff or his attorneys does not have any potential exhibits then they should state so.

IV. Motion to Compel the Deposition of Wayne A. Gibson

Defendant would like to depose the Plaintiff Wayne A. Gibson. Plaintiff's attorney has no objection to Plaintiff's deposition. Therefore, Defendant's Motion to Compel Plaintiff's deposition is granted.

V. Mr. Schillace's Motion to Withdraw

Mr. Schillace was informed by Plaintiff that Plaintiff has retained new counsel. Mr. Schillace was not aware at the time of the hearing who Plaintiff's new counsel is. Mr. Schillace informed the court that he believes Plaintiff to be a college graduate and a sophisticated client. Defendant does not object to Mr. Schillace's motion to withdraw as counsel. Therefore, Mr. Schillace's Motion to Withdraw and Counsel is GRANTED.

VI. Decision

It is ORDERED that:

1) Plaintiff provide Defendant with an appropriate response to Interrogatory No. 1 within 30 days of the date of this Order.

2) Plaintiff provide Defendant with an appropriate response to Interrogatory No. 9 within 30 days of the date of this Order.

3) Plaintiff provide Defendant with an appropriate response to Interrogatory No. 17 within 30 days of the date of this Order.

4) Plaintiff provide Defendant with an appropriate response to Interrogatory No. 19 within 30 days of the date of this Order.

5) Plaintiff provide Defendant with an appropriate response to Interrogatory No. 20 within 30 days of the date of this Order.

6) Plaintiff file with the clerk a detailed privilege log in accordance with L.R. Civ. P. 26.04(a)(2) of all the materials that response to Interrogatory No. 22 within 30 days of the date of this Order. The Plaintiff is further ordered to provide a copy of the materials described in the privilege log to this Court for *in camera* inspection within 30 days of the date of this Order.

7) Plaintiff provide Defendant with an appropriate response to Interrogatory No. 24 within 30 days of the date of this Order.

8) Plaintiff provide Defendant with an appropriate response to Request for Production of Documents No. 10 within 30 days of the date of this Order.

9) Plaintiff file with the clerk a detailed privilege log in accordance with L.R. Civ. P. 26.04(a)(2) of all the materials that response to Request for Production of Documents Nos, 11, 13, and 20 within 30 days of the date of this Order. The Plaintiff is further ordered to provide a copy of the materials described in the privilege log to this Court for *in camera* inspection within 30 days of the date of this Order.

10) Plaintiff provide Defendant with an appropriate response to Request for Production of Documents No. 17 within 30 days of the date of this Order.

11) Plaintiff provide Defendant with an appropriate response to Request for Production of Documents No. 19 within 30 days of the date of this Order.

12) Plaintiff provide Defendant with an appropriate response to Request for Production of Documents No. 21 within 30 days of the date of this Order.

13) Plaintiff provide Defendant with an appropriate response to Request for Production of

Documents No. 24 within 30 days of the date of this Order.

14) The Motion to Compel the deposition of Plaintiff is GRANTED.

15) The Motion of Mr. Schillace to Withdraw is GRANTED.

Any party may, within ten (10) days after being served with a copy of this Order, file

with

the Clerk of the Court written objections identifying the portions of the Order to which objection

is  made, and the basis for such objection.  A copy of such objections should also be submitted to

the District Court Judge of Record.  Failure to timely file objections to the Order set forth above

will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear

pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for

Electronic Case Filing in the United States District Court for the Northern District of West

Virginia

DATED: July 29, 2005

/s/ James E. Seibert
JAMES E.  SEIBERT
UNITED STATES MAGISTRATE JUDGE