IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

WAYNE A. GIBSON,
                    Plaintiff,

v.                                                          Civil Action: 1:04CV192

LOWE'S HOME CENTERS, INC.;
JOHN DOE EMPLOYEES OF LOWE'S
HOME CENTERS, INC.; and SPECIALTY
RISK SERVICES, INC.,
                    Defendants.


## MEMORANDUM, OPINION, and ORDER


On June 24, 2005 came Plaintiff Wayne A. Gibson (Plaintiff) by Greg Schillace by telephone and Defendant Lowe's Home Centers, Inc. (Defendant) by Christopher B. Denson by telephone for Defendants' Motion to Compel Discovery. Testimony was not taken and no other evidence was introduced. On August 1, 2005, the undersigned ordered Plaintiff to file a detailed privilege log in accordance with L.R. Civ. P. 26.04 for the requested documents that it deems privileged by September 1, 2005. On August 31, 2005, Plaintiff sent a privilege log and the requested documents it deems privileged to the undersigned.

### I. Introduction

A.     Background.     On November 19, 2004, Defendant served a copy of "Requests for Production of Documents and Things to Plaintiff Wayne A. Gibson (First Set)" and a copy of "Interrogatories to Plaintiff Wayne A. Gibson (First Set)" upon counsel for Plaintiff. When Plaintiff failed to respond, Defendant filed its Motion to Compel Discovery on May 16, 2005.

B.     The Motions.

C.    <u>Decision</u>. Plaintiff's Motion to Compel is **GRANTED** in part and **DENIED** in part as to the documents listed in the privilege log.

## II.  <u>Defendant's Motion to Compel</u>

A.    The Standards.

1.    <u>Discovery - Scope</u>. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Fed. R. Civ. P. 26(b)(1).

2.    <u>Attorney-Client Privilege - Applicable Law</u>. "[I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." Fed. R. Evid. 501; <u>Kidwiler v. Progressive Paloverde Ins. Co.</u>, 192 F.R.D. 536, 539 (N.D. W. Va. 2000) (stating that for cases pending in federal court based on diversity jurisdiction, state law provides the rules governing the attorney-client privilege).

3.    <u>Attorney-Client Privilege - State Law</u>. "In order to assert an attorney-client privilege, three main elements must be present: (1) both parties must contemplate that the attorney-client

---

[1] Docket No. 25.

relationship does or will exist; (2) the advice must be sought by the client from that attorney in his capacity as a legal adviser; (3) the communication between the attorney and client must be identified to be confidential." State ex. rel. United States Fidelity and Guaranty Co. v. Canady, 460 S.E.2d 677, 688 (1995) (citing State v. Burton, 254 S.E.2d 129 (1979)). In order for the attorney-client privilege to be applicable "there must be no evidence that the client intentionally waived the privilege." Id. (citing State ex. rel. Doe v. Troisi, 459 S.E.2d 139, 147 (1995)).

4. Attorney-Client Privilege - Burden. "[T]he burden of establishing the attorney-client privilege or the work product exception, in all their elements, always rests upon the person asserting it." State ex. rel. United States Fid. and Guar. Co. v. Canady, 460 S.E.2d 677, 684 (1995).

B. Discussion

1. Timeliness

Defendant served its first set of interrogatories and requests for production of documents upon Defendants on November 19, 2004. Subsequently, the parties stipulated that Plaintiff will have until February 11, 2005 to respond to Defendant's requests for production of documents and Interrogatories.[2] Defendant filed a Motion to Compel Discovery on March 16, 2005.[3] On March 23, 2005 the parties stipulated that Plaintiff will have until April 1, 2005 to respond to Defendant's Motion to Compel.[4] On April 25, 2005 Plaintiff responded to Defendant's first set of interrogatories. The Defendant filed its second Motion to Compel Discovery on May 16, 2005. A moving party has 30 days after the discovery response is due to file a Motion to

---

[2] Docket No. 17.

[3] Docket No. 18.

[4] Docket No. 20.

Compel.  L.R. Civ. P. 37.02(a)(3).  When the Motion is mailed the moving party has an additional 3 days.  Fed. R. Civ. P. 6(e).  Defendant's Motion to Compel was timely filed.

2.  Privilege

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)."  Fed. R. Civ. P. 26(b)(1).

Documents in Privilege Log:

1.  The letter dated May 31, 2005:  Not privileged because this letter constitutes a complaint, in which the client is not seeking legal advice.

2.  The letter dated May 24, 2005:  Not privileged because this letter constitutes a complaint, in which the client is not seeking legal advice.

3.  The letter dated April1, 2005:

   a.  Privileged: Paragraph 1 sentence 2; paragraph 3 sentence 2 (statements made in confidence to an attorney by his client for the purpose of seeking legal advice);

   b.  Not privileged: The remainder of the letter is not privileged because it is a letter of transmittal, a scheduling letter and  a complaint.

4.      The letter dated March 30, 2005:  Not privileged because this letter constitutes a

complaint, in which the client is not seeking legal advice.

5.      The letter dated March 23, 2005:  Not privileged because this letter constitutes a

complaint, in which the client is not seeking legal advice.

6.      The letter dated March 17, 2005:

a.      Privileged: Paragraph 4 (statements made in confidence to an attorney by his

client for the purpose of seeking legal advice);

b.      Not Privileged: Paragraphs 1-3 (constitute a complaint, in which the client is not

seeking legal advice).

7.      The letter dated March 1, 2005:

a.      Privileged: Paragraphs 2-5 (statements made in confidence to a client by his

attorney for the purpose of providing legal advice);

b.      Not privileged: Paragraph 1 (attorney's response to his client's complaint of

failure to communicate).

8.      The letter dated January 17, 2005:

a.      Privileged: Paragraph 3 sentence 4 (statements made in confidence to an attorney

by his client for the purpose of seeking legal advice);

b.      Not privileged: Paragraphs 1-2; 3 sentences 1 through 3 (constitute a complaint,

in which the client is not seeking legal advice).

9.      The letter dated January 14, 2005:  Not privileged because this letter constitutes a

communication of appointment, in which an attorney is not providing legal advice.

10.     The letter dated January 11, 2005:   Not privileged because this letter constitutes a

communication of appointment, in which an attorney is not providing legal advice.

11.     The letter dated December 3, 2004:  Not privileged because it is a letter of transmittal and is not a communication of legal advice.

12.     The letter dated November 30, 2004:  Not privileged because it is a letter of availability and is not a communication seeking or providing legal advice.

13.     The letter dated October 12, 2004: Privileged because this letter constitutes statements made in confidence to a client by his attorney for the purpose of providing legal advice.

### III. Decision

For the foregoing reasons Plaintiff's Motion to Compel is **GRANTED** in part and **DENIED** in part  as to the documents listen in the privilege log.

It is ORDERED that:

Plaintiff provide Defendant with all documents listed above which are not privileged, not work product, not confidential or not protected.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the District Court Judge of Record.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear pro se and any counsel of record, as applicable.

DATED: October 31, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE